Rogers v Montehill, LLC (2025 NY Slip Op 03148)

Rogers v Montehill, LLC

2025 NY Slip Op 03148

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Webber, J.P., Moulton, Friedman, Gesmer, Michael, JJ. 

Index No. 27409/19|Appeal No. 4428|Case No. 2024-07621|

[*1]Eugene Rogers, Plaintiff-Appellant,
v
Montehill, LLC, Defendant-Respondent.

Lesch & Lesch, P.C., Bronx (Beth S. Gereg of counsel), for appellant.
Gartner + Bloom P.C., New York (Lee D. Tarr of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered November 20, 2024, which, to the extent appealed from, granted defendant's motion to renew, and upon renewal, granted defendant's motion to strike corrections to plaintiff's errata sheet under CPLR 3116(a), unanimously affirmed, without costs.
Supreme Court properly granted renewal of its prior denial of defendant's motion to strike proposed corrections in plaintiff's errata sheet (see CPLR 2221[e]). Upon renewal, the court providently exercised its discretion in striking the corrections in the errata sheet given plaintiff's inadequate explanation for the critical, substantive changes, which had the effect of materially altering his deposition testimony (see Moore-Reason v Manhattan Coll., 234 AD3d 617, 617-618 [1st Dept 2025]). Plaintiff testified at his deposition that there were no leaks or water dripping in the bathroom prior to the accident, that he had not seen water dripping from the pipe prior to the accident, that he did not know for how long the water was dripping, and that he was unaware of any complaints about a leaky pipe in his apartment. The changes set forth in the errata sheet, in contrast, indicate that plaintiff noticed the leak two weeks prior to his accident and notified the superintendent of the leak. These changes "appear tailored to avoid the consequences of his earlier testimony," and were without sufficient justification and properly rejected (Figueroa v Relgold, LLC, 226 AD3d 425, 425 [1st Dept 2024]; see also Carrero v New York City Hous. Auth., 162 AD3d 566, 566 [1st Dept 2018]). Moreover, plaintiff concedes that the "corrected" answers were relevant to the issue of notice.
Plaintiff's assertion that he misunderstood what he was asked is unpersuasive. Plaintiff failed to provide an affidavit explaining his confusion, and does not explain why he did not seek to correct other deposition testimony that supported his initial version of events (see Figueroa, 226 AD3d at 425-426).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025